Carlyn A. KLINE, Appellant,

v.

Ernest A. KLINE, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 12, 1997.

Filed March 17, 1998.

---

James E. Mahood, Pittsburgh, for appellant.

Kelly M. Tocci, Aliquippa, for Board of Judges 36th Judicial District, Amicus Curiae.

Lynn MacBeth, Pittsburgh, for Family Mediation Counsel of Western PA, Amicus Curiae.

Stewart B. Barmen, Pittsburgh, for American Academy of Matrimonial Lawyers PA Chapter, Amicus Curiae.

Before JOHNSON, EAKIN and BROSKY, JJ.

EAKIN, Judge:

Carlyn A. Kline appeals the order of court dated March 27, 1997, in the Court of Common Pleas of Beaver County (Kunselman, J., presiding) sentencing her to jail for contempt for failing to attend a Beaver County seminar for divorcing or separating parents. We are constrained to reverse.

Appellant and Ernest A. Kline were formerly husband and wife; they were divorced August 6, 1991. Two children were born to the marriage. There were various custody-related motions filed by both parents in the next few years, resulting in often-bitter litigation. On December 7, 1993, the parties entered a consent order giving appellant primary physical custody of the children. On March 25, 1994, the trial court entered an order suspending Mr. Kline's partial physical custody for one weekend. This was the last involvement of the courts of Beaver County in custody matters between the parties; the dispute is now between appellant and the trial court.

On April 18, 1994, the Court of Common Pleas of Beaver County entered an "administrative order" as follows:

All parties to divorce and custody actions filed on or after June 1, 1994, where the interests of children under the age of eighteen (18) are involved, shall, unless excused by the court, complete a program which we have entitled the Educational Seminar for Divorcing Parents (the "Seminar"). Parties to support actions may be required by the court to complete the Seminar. Parties to pending actions may also be ordered to complete the Seminar.

All parties shall register for the first available Seminar after the date the defendant has been served with process. Counsel for the plaintiff shall require the plaintiff to register for the seminar and shall have a copy of the attached notice and registration form served on the defendant at the same time as the complaint.

Failure of a party to successfully complete the Seminar will result in sanctions by the court, including contempt.

Every complaint in divorce or custody shall set forth in a separate attached statement, the names, addresses and phone numbers of the parties, and the names and ages of all children under eighteen (18).

*In Re: Educational Seminar for Divorcing Parents,* Civil Action No. 10681 of 1994, April 18, 1994, (Robert C. Reed, P.J.).

On June 6, 1994, the trial court, *sua sponte,* entered an order requiring the Klines to attend the Seminar. On November 21, 1994, the trial court *sua sponte* issued a rule to show cause why both should not be held in contempt for failing to attend the Seminar. In the face of this, Mr. Kline attended the Seminar; appellant remained steadfast in her objection to the Seminar, and filed an Answer to the rule, contending, *inter alia:* 1) there was no pending action at the time of the order, 2) there was no dispute between the parties as to custody, 3) she attended equivalent counseling, and 4) the order interferes with her sincerely held religious beliefs.

On April 11, 1995, appellant filed a petition for special relief, incorporating and expanding her previous Answer to the rule, and further requesting the case be transferred to

Butler County, where both parties and their children had moved. On May 16, 1996, the trial court refused the requested relief and directed appellant complete the Seminar.

On November 18, 1996, the trial court issued another Rule on appellant to show cause why she should not be held in contempt for failing to attend the Seminar per the May 16, 1996 order. Appellant filed an Answer similar to the previous one. On January 3, 1997, the trial court adjudicated her in contempt without a hearing; on March 27, 1997, the trial court, after hearing argument on her Answer, sentenced her to jail. To purge herself of contempt, the court required her to register and attend the Seminar. Appellant refused, and requested a supersedeas pending appeal. The trial court denied the grant of supersedeas and the Sheriff's Office transported her to Beaver County Jail. Appellant immediately filed a Notice of Appeal. This Court denied supersedeas, but the U.S. District Court for the Western District of Pennsylvania issued a writ of habeas corpus the next day directing appellant's immediate release. On March 31, 1997, this Court granted supersedeas pending final disposition.

Appellant raises the following issues:

I. Whether the trial court lacked authority to enter an administrative order compelling divorce litigants to attend a seminar for divorcing parents.

II. Whether the trial court erred in deeming [appellant] in contempt after consideration of her Answer only and without a hearing, where [her] Answer asserted material facts and matters of law constituting a complete defense against an adjudication of contempt.

III. Whether the trial court erred in incarcerating [appellant] when [she] did not have the present ability to purge herself of the contempt and she had made a good faith effort to comply with the trial court's order.

IV. Whether the trial court erred in holding that [appellant's] religious

liberty claims failed to constitute a defense to the court's contempt order where the April 18, 1994 order and rule substantially burdened [her] right to free exercise of religion.

V. Whether the trial court erred in denying [appellant's] Motion for Supersedeas.

Appellant's Brief at 3.

■ The "administrative order" of April 18, 1994, was not promulgated according to the dictates of Pennsylvania Rule of Civil Procedure 239. In order to be effective and enforceable, Rule 239 requires all local rules to be in writing, with seven copies filed with the Administrative Office of Pennsylvania Courts, two copies filed with the Legislative Reference Bureau for publication in the Pennsylvania Bulletin, and in this case, one copy filed with the Domestic Relations Committee. Pa.R.C.P. 239(c). The trial court readily admits this procedure wasn't followed, but insists this order was not a "local rule" within the meaning of Rule 239. We cannot agree.

A "local rule" includes "*every* rule, regulation, directive, policy, custom, usage, form or order of general application, however labeled or promulgated, which is adopted and enforced by a court of common pleas to govern civil practice and procedure." This was at the very least a "directive" and an "order of general application" which the court adopted and, as evidenced by this appeal, enforced. It dictates requirements of service and the contents of pleadings. Compliance clearly is intended as a procedural prerequisite to legal redress in matters of divorce and custody in Beaver County.

Both the trial court and *amici curiae*[1] assert, as this order "only" affects divorce, custody, and support litigants, the promulgating court need not comply with Rule 239; matters seeking only to further the aims of family law, they contend, are not really matters of civil practice and procedure. This simply is not so. Our Supreme Court has adopted a comprehensive volume of Rules of

1. The American Academy of Matrimonial Lawyers, Pennsylvania Chapter and the Family Medi-

ation Council of Western Pennsylvania both filed amicus curiae briefs in support of the local rule.

Civil Procedure, within which can be found chapters relating to all facets of civil law; among these are chapters pertaining to divorce[2], custody[3], and support[4]. Beyond these chapters, we do not have an independent set of Rules for Family Law unconstrained by the procedural mandates of the general Civil Rules. Divorce, custody and support matters are all civil in nature, and Rule 239 applies to such matters. Indeed, when deviations from a general civil procedure rule are appropriate, our Supreme Court has specifically adopted exceptions; for example, general Rule 227.1 dealing with post-trial motions is modified for matters of support (Rule 1910.11(k)), custody (Rule 1915.10(b)), and divorce (Rule 1920.55–2(e)). Where an exception has not been created by the caselaw or Rules of our Supreme Court, these actions are governed by the general rules applicable to all civil matters.[5]

■ Even if the rule had been properly promulgated, by its very terms it did not apply to the Kline case. There was no pending action when the trial court, *sua sponte*, ordered the parties to attend the seminar. The rule states it applies to "[a]ll parties to divorce or custody actions filed on or after June 1, 1994." The parties were divorced August 6, 1991. The last custody order was entered March 25, 1994. Although custody orders are never final, in the sense that they may always be modified for cause shown, there simply was nothing pertaining to these parties or their custody situation before the court when this rule and the order to comply with it were entered.

The goal of the April 18, 1994 order is a laudable one; our result is not a criticism of its content or purpose. Further, the history of the parties shows they were prime candidates for intervention. However, while that history may have caused the court to anticipate their inevitable return to the court, that speculation does not permit a court to pull people back to the courthouse when all litigation is resolved. These parties had been involved in custody litigation in Beaver County, and might have become reinvolved in the future, but at the time of the relevant orders herein, they were not within the jurisdiction of that court.

The trial court states this appeal involves its authority to require parents involved in family litigation to attend an educational seminar. This is too broad. The authority of the court to order parties to counseling is not in doubt; certainly a court may so order, if that furthers the goals of our domestic relations laws. The court could have done so in a pending case without a local rule. However, as this appeal involves a directive grounded entirely in the improperly promulgated local rule, this general authority does not resolve the matter. The real question presented herein, in its broadest form, is whether the court may order counseling for everyone in every case, by means of a local rule [6]; in its narrowest form, the question is whether the court did so properly in this case.

Because we find the trial court did not properly enact the rule from which all else flowed, we need not address appellant's remaining issues. As the Rule was improperly

2. Pa. R.C.P.1920.1 *et seq.* "Except as otherwise provided in this chapter, the procedure in the [divorce] action shall be in accordance with the rules relating to a *civil action.*" Rule 1920.1(b)(emphasis added).

3. Pa. R.C.P.1915.1 *et seq.*

4. Pa. R.C.P.1910.1 *et seq.* "... the rules of this chapter govern all *civil actions or proceedings* brought in the court of common pleas to enforce a duty of support, or an obligation to pay alimony pendente lite." Rule 1910.1(a)(emphasis added).

5. At least seven other counties have properly adopted local rules mandating attendance at seminars when minor children are involved.

Those local rules were filed with the AOPC and published in the Pennsylvania Bulletin pursuant to Rule 239.

6. The instant rule provides for mandatory attendance of all litigants to divorce or custody matters "unless excused by the court." We do not pass on appellant's reasons for seeking to be excused. However, if legitimate facially sufficient grounds for excusing attendance are not given reasonable consideration, the rule appears too broad. An abundance of caution may be appropriate, but not every party in every domestic case will necessarily benefit from a fixed-syllabus counseling seminar.

promulgated, it cannot be enforced. Further, as there was no pending case at the time of its initial order, the court was without authority to direct appellant to attend the seminar.

Order reversed. Jurisdiction relinquished.